**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**RICHARD GUNN, on his own behalf and
others similarly situated,**

                      **Plaintiff,**

-vs-                                          **Case No.  2:08-cv-35-FtM-29DNF**

**ENVIRONMENTAL RISK
MANAGEMENT, INC., a Florida
Corporation,**

                      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 22)** |
| **FILED:** | **October 3, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    On October 3, 2008, the parties filed a Joint Notice of Filing and Joint Motion for Approval of Amended Settlement Agreement as Stipulated Final Judgment (Doc. 22).  The Plaintiff, Richard Gunn and the Defendant, Environmental Risk Management, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case with

prejudice. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant as an environmental technician. The Plaintiff was represented by counsel throughout this litigation. The parties have disputed issues. The Plaintiff initially estimated that he was owed $30,000 in unpaid overtime. After information was provided to the Plaintiff, the Plaintiff determined that this amount was not supported by documentary evidence. (See, Doc. 22, p. 3). Upon review of the records, the Plaintiff determined that he was owed no more

than $4,000, and the Defendant contended that this amount was subject to offsets which would reduce the amount to $2,800.00. The parties settled for the amount of $5,600 as damages, and $4.000 for attorney's fees and costs. The Plaintiff and his counsel entered into a contingency fees agreement which provided for Plaintiff's counsel to receive forty percent (40%) of the gross recovery.[1] The Court finds that the settlement in the amount of $10,000 is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Notice of Filing and Joint Motion for Approval of Amended Settlement Agreement as Stipulated Final Judgment (Doc. 22) be granted, and the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   7th   day of October, 2008.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] Pursuant to Rule 4-1.5(f)(4)(B)(i)(b) of the Rules Regulating The Florida Bar, after the filing of an answer, the amount of 40% of any recovery up to $1 million is not presumed to be clearly excessive.